WILLIAM L. BLANCHARD COMPANY, DEFENDANT IN
ERROR, v. JOSEPH HILTON AND PHILIP HILTON,
PARTNERS TRADING AS THE HILTON COMPANY,
PLAINTIFFS IN ERROR.

Submitted July 3, 1912—Decided November 18, 1912.

On error to the Supreme Court, which affirmed a judgment
of a District Court.

The opinion of the Supreme Court is expressed in the following memorandum:

PER CURIAM.

The only question in this case is whether the contract sued on was outside of the scope of partnership agency. The plaintiff was a corporation engaged in business as a mason contractor. The defendants were engaged in the clothing business, and the evidence justifies a finding that they had just rented or taken over the upper premises on Broad street, Newark, formerly occupied and used in the same business by George Watson & Company, and that they were engaged in remodeling the entrances on both Market and Broad streets so as to make them more suitable to some purposes that they had in mind. The evidence further justifies the finding that Joseph Hilton, one of the partners, employed the plaintiff through Mr. Blanchard, then president, to do some repairs and alterations on these entrances; that the work was done; that a bill was presented and was not paid.

The principal claim made by defendant at the trial was that there had been no direct employment, but that the alterations to the building had been done by contract with someone else, and that the Blanchard company was a subcontractor of this other contractor. This presented a pure question of fact for the trial court which might have been found either way on the evidence, and the finding is not reviewable here. If, as the trial court evidently did find, the employment was directly by the Messrs. Hilton, through one of the partners, and if, as the court presumably found, they were in possession of this building and remodeling these entrances for the purposes of their business, it is quite obvious that the partnership agency extended to the ordering of such repairs as were clearly connected with the prosecution of the business in which the defendants were engaged.

The judgment under review will be affirmed.

For the plaintiffs in error, *John A. Bernhard.*

For the defendant in error, *Peirce & Hoover.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the *per curiam* opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, VOORHEES, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, TREACY, JJ.    12.

*For reversal*—None.